Mohamed BARRIE, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–5847–ag.

United States Court of Appeals, Second Circuit.

April 17, 2007.

Mohamed Barrie, pro se, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney; Peter A. Norling, Elizabeth J. Mackay, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Mohamed Barrie, a native and citizen of Sierra Leone, seeks review of a September 28, 2005 order of the BIA affirming the April 20, 2004 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Barrie*, No. A72–786–159 (B.I.A. Sept. 28, 2005), *aff'g* No. A72–786–159 (Immig. Ct. N.Y. City April 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Because the IJ's past persecution finding involves the application of law to a particular set of facts, i.e., the definition of persecution, this Court reviews that finding *de novo*. *See, e.g., Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir.2006).

■ The IJ's finding that Barrie did not meet his burden of proof is supported by substantial evidence. Even if Barrie could establish that the raid and the murder of his parents constitute past persecution, Barrie has not established a nexus between that persecution and a protected ground. 8 U.S.C. § 1101(a)(42). While Barrie testified that he is a member of the Fulani ethnic tribe and that he was once detained by government officials when crossing the border back into Sierra Leone, he also testified that the rebels raided his town because that is where the businesspeople and money were, and that he was detained by the government due to the merchandise he was carrying.

■ Additionally, substantial evidence supports the IJ's finding that Barrie failed to establish a well-founded fear of persecution in Sierra Leone. To establish asylum eligibility based on future persecution, an applicant must show a subjective fear of persecution that is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000) (citing *INS v. Cardoza–Fonseca*, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)); *see Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Barrie claims that he will suffer future harm in Sierra Leone based on statements from friends in Guinea that his village in Sierra Leone was destroyed by the rebels and that there is continued civil unrest and rebel activity. However, as the IJ noted, the Country Reports on Human Rights Practices indicate that the war between the rebels and government in Sierra Leone has officially ended.

■ Moreover, Barrie has not established that his fear of the rebels or civil unrest, either subjectively or objectively, bears a nexus to one of the protected grounds. Therefore, the IJ reasonably found that Barrie failed to establish a well-founded fear of persecution in Sierra

Leone. *See Ramsameachire,* 357 F.3d at 178. Accordingly, to the extent that each of his claims rely upon the same factual predicate, the IJ's denial of Lin's asylum, withholding of removal, and CAT claims was supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003).

▮ Finally, the IJ did not err in denying asylum in her discretion because, it certainly was not manifestly contrary to law to find that Barrie's multiple convictions (for counterfeiting and disorderly conduct) outweighed any positive factors he presented. 8 U.S.C. § 1252(b)(4)(D); *see Wu Zheng Huang v. INS,* 436 F.3d 89, 98 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).